STATE OF IOWA, Appellee, v. GLENN RAMSDELL, Appellant.

**SEDUCTION:** Elements of Offense—Evidence. Record reviewed, and held to show affirmatively that the moral depravity indulged in by prosecutrix and defendant did not constitute seduction.

*Appeal from Tama District Court.*—B. F. CUMMINGS, Judge.

APRIL 3, 1923.

PROSECUTION for seduction. There was a verdict and judgment of guilty, and defendant appeals.—*Reversed.*

*James H. Willett,* for appellant.

*Ben J. Gibson,* Attorney-general, and *Willard F. Russell,* County Attorney, for appellee.

EVANS, J.—The trial herein was had in November, 1921. The seduction charged occurred on May 28, 1921. The prosecutrix was Zola Hill. According to the birth record of Tama County, she was 17 years old at the time of the offense. The defendant was likewise 17 years of age. The record herein is appalling in its disclosure of youthful depravity. Much of the evidence is unprintable, and we shall not set forth its details. That the defendant deserves punishment is manifest. That the prosecutrix likewise deserves punishment is no less manifest. We are united in the view that the evidence in this record does not disclose a case of seduction. In so holding, we do not minimize the moral depravity that is disclosed, nor hold it to be any less than if proof of seduction were made.

It appears from the testimony of the prosecutrix that the illicit relations of these two persons began nearly 4 years prior to the date of the alleged seduction, when each of the parties was only 13 or 14 years of age. Their criminal relation began upon the first day of their acquaintance. Their illicit conduct was repeated on every occasion of their meeting during the intervening 3 or 4 years. This is a sufficient indication of ,the general character of the testimony upon which the prosecution is based. Great as is the liberality with which we have sustained the findings of juries in seduction cases where the evidence of seductive artifice was involved in inconsistency and contradiction, we cannot ignore the plain realities of this record, nor say that it is sufficient to sustain a finding of seduction, as distinguished from voluntary and mutual criminality. The judgment entered below must, accordingly, be reversed.—*Reversed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.